```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/24/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: SUBPOENAS ISSUED TO DW PARTNERS, LP; ROBERT CLARK; IAN KRAUS; AND DAVID WARREN

regarding the United States District Court for the District of Puerto Rico case of

ML-CFC 2007-6 PUERTO RICO PROPERTIES, LLC,

           Petitioner,

-against-

BPP Retail Properties, LLC,

           Respondent.

21 Misc. 753 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On September 22, 2021, Petitioner initiated this miscellaneous action to quash a subpoena served in *ML-CFC 2007-6 Puerto Rico, LLC v. BPP Retail Properties, LLC*, No. 17 Civ. 1199, currently pending before the Honorable Raúl M. Arias-Marxuach in the United States District Court for the District of Puerto Rico.

    Under Federal Rule of Civil Procedure 45, motions to quash a subpoena are brought in the district where compliance is required. Fed. R. Civ. P. 45(d)(3). "When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). Transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the underlying case is in an advanced stage of discovery. *SBA Commc'ns Corp. v. Fractus, S.A.*, No. 19 Misc. 130, 2019 WL 4879333, at *2 (S.D.N.Y. Oct. 3, 2019). Transfer may also be appropriate when the underlying case is complex and knowledge of the underlying case would be helpful in resolving the motion to compel. *Stanziale v. Pepper Hamilton LLP*, No. M8-85, 2007 WL 473703, at *5 (S.D.N.Y. Feb. 9, 2007).

    The deadline for depositions of fact witnesses in the underlying case was November 1, 2021, and the parties in that action have engaged in extensive motion practice with regard to various discovery-related disputes. *See ML-CFC 2007-6 Puerto Rico*, No. 17 Civ. 1199, ECF No. 629 (September 17, 2021). In the interest of judicial economy, this matter would be best handled by Chief Judge Arias-Marxuach, who has significant background knowledge of the underlying case that this Court does not possess. Exceptional circumstances, including the risk of inconsistent rulings, the complexity of the underlying case, and the interests of judicial economy outweigh any interest Petitioner might have in litigating this motion locally.

      Accordingly, this case is TRANFERRED to Chief Judge Arias-Marxuach in the District of Puerto Rico.  The Clerk of Court is directed to transfer the case.

      SO ORDERED.

Dated: May 24, 2022
       New York, New York

                                            ANALISA TORRES
                                       United States District Judge